Pearson, C. J.
 

 This is an attachment by bill in equity under the statute, Rev. Code, ch. 7, to subject the interest of Moses B. Taylor, in the firm of J. M. Sanders & Co., and his interest as a stockholder in the Charlotte and South-Carolina Railroad Company, to the satisfaction of the complainant’s debt, on the ground that Taylor is a non-resident, and has not “enough estate” on which an attachment at law could be levied to satisfy the debt.
 

 A joint demurrer is filed by Moses B. Taylor, John J. Blackwood and James M. Sanders. The statute, sec. 25, authorizes the debtor at any time before final decree to replevy, by executing a bond, &c., and “thereupon he shall be permitted to plead, answer or demur to the billj” &c. Taylor has not executed a bond, and therefore has no
 
 stains
 
 in court, and, if the demurrer stood in his name only, the court would order it to be stricken from the file; but, as Blackwood and Sanders join him in the demurrer, his name will be treated as surplusage, and the demurrer considered as made on the part of Blackwood and Sanders only.
 

 The bill makes out a case under the statute, and is not defective in substance. The suggestion, that the complainant cannot proceed by attachment in equity against Taylor, because Steele is a surety to his debt, and it is not averred that the remedy at law against him has been exhasted, has nothing to support it. It would be strange, if a creditor were required to exhaust his remedy against the surety before be is at liberty to proceed against the principal!
 

 The demurrer sets out two special grounds : 1st, the bill is multifarious, in that it contains two distinct grounds of suit, and in that it makes “parties defendants, persons who are unconnected with a large part of the subject matter.” It is true that Taylor’s interest in the firm of danders
 
 &
 
 
 *39
 
 !0n., and Ills interest in the Railroad are two distinct things, and that the members of the firm and of the Railroad Com.pany are distinct persons ; but it is not true that the bill ^contains two distinct
 
 grounds of suit.
 
 The debt due by Taylor, a non-resident, is the ground of suit, and there is no reason why the complainant may not, in the same bill, seek to have it satisfied out of two or more subjects, in which the debtor has an interest.
 

 2d, the misjoinder of the executors of Steele.
 

 No decree is asked against the executors, and it was not necessary to make them parties. If they had demurred, the bill would have been dismissed as to them, but 'the fact of making them parties nowise affects the rights of Blackwood and Sanders, and consequently presents no ground of demurrer for them. Let the decretal order be affirmed. This opinion will be certified.
 

 Per Curiam.
 

 Decretal order affirmed.